
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BISHNU SUBEDI SHARMA, | No. 13-71501 |
| Petitioner, | Agency No. A088-706-538 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2016
San Francisco, California

Before: NOONAN and MURGUIA, Circuit Judges and MURPHY,** District
Judge.

Bishnu Subedi Sharma, a native and citizen of Nepal, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ's") decision denying her application for asylum and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Stephen Joseph Murphy III, District Judge for the U.S.
District Court for the Eastern District of Michigan, sitting by designation.

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We grant Sharma's petition and remand it to the BIA for additional proceedings.

We review the BIA's "factual findings, including adverse credibility determinations, for substantial evidence." *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (quoting *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014)). Because Sharma filed her application after May 11, 2005, her case is governed by the REAL ID Act of 2005. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).

Substantial evidence does not support the BIA's affirmance of the IJ's adverse credibility determination based on Sharma's voluntary returns to Nepal in 2006 and 2008. While voluntary returns to countries of persecution may be considered as one factor to support an agency's adverse credibility determination, *see Loho v. Mukasey*, 531 F.3d 1016, 1018-19 (9th Cir. 2008), they must be considered in light of the totality of the circumstances, s*ee Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1091 (9th Cir. 2005) (stating, in the context of whether a petitioner has established a well-founded fear of persecution, that "[w]e have never held that the existence of return trips standing alone can rebut [the presumption of a well-founded fear of persecution].").

2

Here, Sharma provided detailed, consistent testimony regarding her escalating fear of persecution by the Maoists that was extensively corroborated by supporting documentation. Unlike the petitioner in *Loho*, Sharma was not "afraid to return" to a "den of [] 'consuming hatred'" in Nepal during either of her trips abroad. *Loho*, 531 F.3d at 1018. Instead, she only became sufficiently frightened to flee Nepal after the attacks against her escalated in August of 2009. At that time, Maoists sent a young boy to Sharma's home—the first time they visited her at her home as opposed to at her business or in the street. The boy threatened to kidnap Sharma if she did not meet his demands for money within seven days, and when Sharma did not comply with his threat, a group of ten to twelve Maoists came looking for Sharma at her home one week later. Sharma's neighbor spoke with the men, and told Sharma that the group was looking to kidnap her, just as the boy had said they would. In contrast to their previous threats against Sharma in public places where she would refuse to comply and weeks, months, or years would pass without consequence, the Maoists seemed intent on following through with their final threat to kidnap Sharma from her home, which ultimately caused her to flee the country.

On this record, Sharma's voluntary returns to Nepal in 2006 and 2008 were insufficient to taint her credibility. We thus **GRANT** the petition and **REMAND**

3

to the BIA for further proceedings consistent with this disposition. Because the IJ and BIA appear to have considered all possible bases for an adverse credibility determination in their decisions, we deem Sharma credible on remand. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1095 (9th Cir. 2009) ("If it is apparent from the record before us that the IJ and BIA have listed all possible reasons to support an adverse credibility determination, and they are inadequate in law or not supported by substantial evidence, then there may be cases where on remand we can sensibly say that a petitioner should be deemed credible."). **REMANDED.**